UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

BRANNON TAYLOR, )
 )
      Petitioner, )
 )
vs. ) Case No. 4:16-cv-00643-NKL
 ) (Crim. Case No. 08-00194-01-CR-W-NKL)
 )
UNITED STATES OF AMERICA, )
 )
      Respondent. )

**ORDER**

In view of the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), Brannon Taylor moves under 28 U.S.C. § 2255 to vacate his conviction for use of a firearm during a crime of violence. For the reasons discussed below, the motion to vacate is denied. The Court also denies a certificate of appealability.

**I.    Introduction**

In 2009, Petitioner Brannon Taylor pleaded guilty to one count of carjacking under 18 U.S.C. § 2119, and one count of use of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A), that is, during the carjacking. This Court sentenced him to 125 months of imprisonment on the carjacking count and a consecutive 84 months on the firearm count. Taylor did not appeal his conviction.

A "crime of violence," for purposes of § 924(c)(1)(A), is:

> (3) … an offense that is a felony and—
>
> > (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may

be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The judgment entered against Taylor does not distinguish between the force clause, subsection (A), or the residual clause, subsection (B), of § 924(c)(3). *See* Case No. 08-0194 [Doc. 47].

**II.     Discussion**

Taylor's conviction and sentence are proper if carjacking qualifies as a crime of violence under either the residual clause, § 924(c)(3)(B), or the force clause, § 924(c)(3)(A). Taylor argues the residual clause is unconstitutionally vague in view the Supreme Court's *Johnson v. United States* analysis, and that the underlying crime of carjacking categorically fails to qualify as a crime of violence, so his conviction for use of a firearm during a crime of violence must be vacated.

Taylor contends that § 924(c)(3)(B) is "materially indistinguishable" from the Armed Career Criminal Act (ACCA) residual clause that *Johnson* struck down and asks the Court to declare § 924(c)(3)(B) likewise unconstitutionally vague. [Doc. 4, p. 2]. The Eighth Circuit's recent opinion in *United States v. Prickett* forecloses this argument. *United States v. Prickett*, No. 15-3486, 2016 U.S. App. LEXIS 18032 (8th Cir. Oct. 5, 2016) ("Because several factors distinguish the ACCA residual clause from § 924(c)(3)(B) . . . we join the Second and Sixth Circuits in upholding § 924(c)(3)(B) against a vagueness challenge.") (internal citations omitted).

As a result, Taylor's sentence may be upheld under § 924(c)(3)(B) and the Court need not address Taylor's force clause argument.

2

### III. Certificate of Appealability

A certificate of appealability is issued only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quotation and citation omitted).

For the reasons discussed above, Taylor has not made a substantial showing of the denial of a constitutional right. Consequently, the Court denies a certificate of appealability.

### III. Conclusion

For the foregoing reasons, Petitioner Taylor's motion to vacate is denied, and a certificate of appealability is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: October 12, 2016  
Jefferson City, Missouri